UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy LOTT, Defendant-Appellant.

No. 81–7795
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 5, 1982.

Roy Lott, pro se.

R. William Buzzell, II, Macon, Ga. (Court-appointed), for defendant-appellant.

Joe D. Whitley, U. S. Atty., W. Louis Sands, Macon, Ga., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

Appellant Roy Lott was tried and convicted on a three-count indictment charging him with kidnapping in violation of 18 U.S.C. § 1201 (Counts I and II) and use of a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c) (Count III). The district court sentenced Lott to concurrent life terms for the kidnapping counts and to a ten-year term for the firearm count. The court ordered that the concurrent life sentences would run consecutively to the ten-year firearm sentence. Lott then filed a motion pursuant to 28 U.S.C. § 2255 to vacate his ten-year sentence for the firearm violation [1] on the theory that the sentence violated the double jeopardy clause of the fifth amendment because his convictions arose from a "single course of conduct." The district court denied the motion and Lott appealed.

Lott's claim raises two issues. The first revolves around the final paragraph of *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). *Simpson* involved consecutive sentences imposed for convictions for aggravated bank robbery under 18 U.S.C. § 2113(d) and a firearms charge under § 924(c). After reviewing the text and legislative history of § 924(c), the Supreme Court concluded that Congress

---

1. Lott previously filed two other § 2255 motions attacking his convictions on other grounds. These prior motions were denied and neither was appealed.

did not intend for the enhancement provisions of § 924(c) to apply when an enhanced penalty for using dangerous weapons already was contained in the prohibitive statute. *Id.* at 13–15, 98 S.Ct. at 913–914. Since § 2113(d) already imposed an enhanced sentence for bank robbery accomplished with "a dangerous weapon or device," the Court concluded that imposition of an additional sentence under § 924(c) was erroneous. In the final paragraph of its opinion the Court summarized its decision: "Accordingly, we hold that in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both § 2113(d) and § 924(c)." *Id.* at 16, 98 S.Ct. at 914.

Appellant's "single transaction" argument, therefore, raises the question whether the *Simpson* rule applies in this case. We conclude that it does not. The Supreme Court in *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980)[2] made clear that "*Simpson's* language and reasoning support one conclusion alone— that prosecution and enhanced sentencing under § 924(c) is simply not permissible where the predicate felony statute contains its own enhancement provision." *Id.* at 404, 100 S.Ct. at 1752. The reason for this "one conclusion" was the court's perception that "the purpose of § 924(c) is already served whenever the substantive federal offense provides enhanced punishment for use of a dangerous weapon." *Simpson, supra,* 435 U.S. at 13, 98 S.Ct. at 913. In the case at bar, however, the kidnapping statute, 18 U.S.C. § 1201, contains no enhancement provision for using weapons. Accordingly, the rationale behind the *Simpson* rule does not apply in this case, and we perceive no statutory bar to the consecutive sentences imposed by the trial court.

Appellant's "single transaction" argument, however, also raises an issue under the double jeopardy clause of the fifth amendment. The Supreme Court in *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981) recently

reaffirmed that the proper test for determining whether multiple punishment for a single act or transaction is permissible is the test from *Blockburger v. United States*, 284 U.S. 299, 305, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*See United States v. Phillips*, 664 F.2d 971, 1005–1006 (5th Cir. Unit B 1981). In the case before us, the § 924(c) charge requires proof of the use or carrying of a firearm during the commission of a felony, which is not an element of the kidnapping offense. The consecutive sentences, therefore, do not violate the double jeopardy clause.

AFFIRMED.

---

2. *Busic* involved convictions for assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111 and a firearms charge under § 924(c).