**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jorge GONZALEZ, Jorge Ermos,**
**Defendants-Appellants.**

**No. 81–5760.**

United States Court of Appeals,
Eleventh Circuit.

June 23, 1983.

Rehearing Denied Aug. 23, 1983.

Charles G. White, Fed. Public Defender, Robyn Hermann, Asst. Fed. Public Defender, Miami, Fla., for J. Gonzalez.

Chris K. Gober, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This case is an appeal from a jury verdict in the U.S. District Court for the Southern District of Florida. The appellants assert that there was insufficient evidence to support their convictions, that certain evidence was improperly introduced, and that the indictment was multiplicitous in violation of the Double Jeopardy Clause.

On December 1, 1980, appellants Jorge Ermos and Jorge Gonzalez jointly entered a one-year lease of a bay in a Miami warehouse. The purpose of the rental was alleged to be the storage and reconditioning of furniture.

On January 22, 1981, Ermos legally purchased a .38 caliber revolver.

On February 6, 1981, at about 4:00 p.m., Tom Brooks, a driver for Carolina Freight, picked up 616 cases of women's tennis shoes at Joy Footwear in Miami. Shortly after picking up the shoes, Brooks stopped to get something to eat. As he returned to his truck, two men approached him brandishing weapons. Brooks later identified one of those men as the appellant Gonzalez. Brooks was ordered into the cab of the truck just as a blue Oldsmobile drove up; Brooks identified appellant Ermos as the driver of the car.

The two men who approached Brooks joined him in the cab; they threatened his life and ordered him to drive to an isolated location. Brooks told police that the guns held by the men were a 9 millimeter and a .38 caliber.

Upon arriving at their destination, Brooks was ordered into the blue Oldsmobile. The driver of the car was given the .38, and he and an unidentified male took Brooks for a ride.

After driving around for a short time, the driver of the blue Oldsmobile stopped the car and ordered Brooks out in a field. The companion of the driver remained with Brooks while the driver left in the Oldsmobile. After about an hour, the truck and the car returned. The four thieves got into the Oldsmobile and drove off. Brooks opened the back of the truck and found it empty.

At about 4:30 p.m. on February 6, David Gray saw four men (two of whom he later identified as the appellants) unloading freight from a Carolina Freight truck at the rented warehouse bay. Gray, an acquaintance of Ermos, approached the men and watched the unloading. Ermos told Gray that it was a shipment of tennis shoes and gave him two pairs. Gray watched the four men leave in the truck and a blue Oldsmobile.

A week later, Gray learned of the robbery and reported what he had seen to the

FBI. He turned the shoes he had received over to FBI agents. On February 18, several agents executed a search warrant and discovered the contents of the truck in the warehouse. Ermos and Gonzalez were arrested at the scene.

The appellants were charged in a four count indictment alleging: Count 1—conspiracy to commit theft from an interstate shipment; Count 2—theft from an interstate shipment, 18 U.S.C. § 659; Count 3—possession of property stolen from an interstate shipment; and Count 4—obstruction of interstate commerce by robbery and threat of physical violence, 18 U.S.C. § 1951. The appellant sought by motion to compel the government to elect between counts 2 and 4; this motion was denied, but the court did instruct the jury to choose between counts 2 and 3. During the trial, a .38 caliber pistol that had been turned over to police by Ermos' wife was introduced into evidence. The appellants were convicted on counts 1, 2 and 4.

The issues raised by the appellants are:

A. Whether the district court erred in refusing to suppress the .38 caliber weapon.

B. Whether sufficient evidence supports the convictions.

C. Whether the district court erred in denying appellants' motion to compel the government to elect between counts 2 and 4.

Appellant Ermos argues that the trial court violated Fed.R.Evid. 403 in admitting the .38 caliber weapon into evidence since the prejudicial effect of the weapon outweighed its probative value. He concedes that there was sufficient showing of relevance to permit the introduction of this item of evidence but invokes Rule 403, Fed. R.Evid. which provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This Court has recognized that the provision of Rule 403 is a grant of discretionary power to the trial court to exclude relevant evidence in case of the danger of "unfair prejudice" and that the rule is to be used sparingly by the trial courts. The former Fifth Circuit Court of Appeals has said:

Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice *substantially* outweighing probative value which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. (Emphasis in original).

*United States v. Thevis*, 665 F.2d 616, 633–34 (5th Cir.1982) *and see United States v. McRae*, 593 F.2d 700, 707 (5th Cir.1978).

■ Not only does appellate review of the exercise of a trial court's discretion under Rule 403 limit it, but it is apparent that in this case there was no unfair prejudice resulting from the introduction of the weapon. It was replete with the fact that two weapons were held by the parties hijacking the truck and holding the driver during the theft. It is difficult to conceive of any further prejudice that might have resulted from viewing the actual weapon that was identified as having been used by the perpetrators of the deed.

■ There can be no doubt but that there was ample evidence to tie these two appellants into the conspiracy and into the substantive acts charged against them in the indictment. This is made clear by the above recitation of facts that were presented to the jury.

■ Finally, appellant Gonzalez complains that the trial court erred in not requiring the government to elect between counts 2 and 4. It is his contention that the two counts in effect charged the same crime, one under 18 U.S.C. § 659 and the other under 18 U.S.C. § 1951. The two

code sections we are concerned with [1] demonstrate clearly that while there may be some overlap certain items must be proven for a conviction of either of them that are not required with respect to the other. Under the standard of *Blockburger v. United States,* 284 U.S. 299, 305, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the test has been stated:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 305, 52 S.Ct. at 182.

This test has most recently been applied by this Court in *United States v. Lott,* 681 F.2d 1371 (11th Cir.1982).

The judgments are AFFIRMED.

---

1. The relevant portion of these two Code sections follow:

   *Interstate or foreign shipments by carrier; State prosecutions* Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property . . . .
   18 U.S.C. § 659.

   *Interference with commerce by threats or violence.*
   (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.
   (b) As used in this section—
   (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
   (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right . . . .
   18 U.S.C. § 1951.